

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

JEREMY LAVRAY WHATLEY, §
 §
    Movant, §
 §
 §
VS. § NO. 4:04-CR-180-A
 § (No. 4:07-CV-230-A)
UNITED STATES OF AMERICA, §
 §
    Respondent. §

MEMORANDUM OPINION
and
ORDER

    Came on to be considered the motion of Jeremy Lavray Whatley ("Whatley") under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed the motion, the government's response, Whatley's reply, the record, and applicable legal authorities, the court concludes that such motion should be denied.

I.

Background

    On November 17, 2004, Whatley was named in a six-count indictment charging him with the following five counts: Count one, conspiracy to possess and to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A); Count three and Count four, possession with intent to distribute more than five grams of cocaine base, and aiding and abetting, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and 18 U.S.C.§ 2; and Count five and Count six,

possession with intent to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii). Whatley pleaded guilty to Count six on January 14, 2005, and on May 6, 2005, he was sentenced to a term of imprisonment of 150 months to be followed by a term of supervised release of five years. The Fifth Circuit Court of Appeals affirmed the conviction and sentence on October 24, 2006. Whatley timely submitted his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255 on April 16, 2007.

II.

Grounds of the Motion

Whatley alleges that his Sixth Amendment rights were violated and asserts two separate grounds for relief: (1) the court violated his Sixth Amendment rights by applying a firearms enhancement in considering his sentence without "supportable evidence",[1] and (2) he received ineffective assistance of counsel in violation of his Sixth Amendment rights when his counsel failed to inform him of prior "conflicts" counsel had with the court.

III.

Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands

---

[1] The court concludes, and Whatley concedes, that this issue was decided adversely to Whatley on his direct appeal to the Fifth Circuit and there is no need for the court to reconsider it here. See Pet.'s Reply to Opp. to Pet.'s Mot. 1-2.

2

fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974).

IV.

Analysis

To prevail on an ineffective assistance of counsel claim, movant must show (1) that his counsel's performance fell below an objective standard of reasonableness and (2) that there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). This standard applies regardless of whether movant pleaded guilty or not guilty. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Both

3

prongs of the Strickland test must be met to demonstrate ineffective assistance. Id. at 697. Judicial scrutiny of this type of claim must be highly deferential and the movant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Id. at 689. Further, "[a] court need not address both components of an ineffective assistance of counsel claim if the movant makes an insufficient showing on one." U.S. v. Stewart, 207 F.3d 750, 751 (2000). Here, the record is clearly adequate to fairly dispose of the claim of ineffective assistance. Hence, further inquiry is unnecessary. Baldwin v. Maggio, 704 F.2d 1325, 1329 (5th Cir. 1983).

Although Whatley raised the issue of his counsel's representation in his direct appeal to the Fifth Circuit, which was denied, the record is often more complete for reviewing claims of ineffective assistance of counsel when they are brought through a § 2255 motion. See Massarro v. United States, 538 U.S. 500, 504-05 (2003)(stating that "in most cases, a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"). Therefore, the court will review the merits of Whatley's ineffective assistance claim here.

Whatley asserts that his trial counsel had a conflict of interest with this court and that he failed to tell Whatley about such conflict. In his reply to the opposition to his § 2255 motion, Whatley attached a letter from his trial counsel, Douglas C. Greene ("Greene"), dated June 6, 2005. The letter, apparently

4

written by Greene, states that "I am concerned about potential prejudice issues involving my clients in front of Judge McBryde." Pet.'s Reply to Opp. to Pet.'s Mot. at 5. This is the only evidence Whatley appears to adduce in support of his claim that there was in fact a conflict. For purposes of deciding Whatley's motion, the court will assuming Greene's purported statement in the letter is true and that he is in fact worried about conflict issues between this court and his clients. However, to succeed on the prejudice prong of the Strickland test, Whatley must show that there was reasonable probability that, but for Greene's conduct, he would have received a lower sentence. See United States v. Grammas, 376 F.3d. 433 (5th Cir. 2004). Whatley has failed to do so. In fact, as the government pointed out in its opposition to the motion, the undersigned stated at Whatley's sentencing hearing that counsel's arguments were persuasive in the court's decision to sentence Whatley in the middle rather than the top of the guideline range. See Resp.'s Opp. to Pet.'s Mot. at 5-6. Thus, because Whatley has failed to meet his burden of showing prejudice caused by Greene's purported conduct, his claim for ineffective assistance of counsel must fail. See Stewart, 207 F.3d at 751.

VI.

ORDER

For the reasons discussed above,

The court ORDERS that Whatley's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 be, and is hereby, denied.

SIGNED August 2, 2007.

_____
JOHN McBRYDE
United States District Judge